' Upon the trial of the general issue,
the CouRT,
(Duckett, J., absent,)
at the prayer of the plaintiff, instructed the jury, in effect, that if the defendant indorsed ihe note, with intent to give credit to" the maker with the plaintiff, for the amount of the note, and the plaintiff did thereupon give such credit, the circumstance that the indorsement was made before the note was filled up, was no bar to the plaintiff’s recovery in this action, although the defendant received no other consideration for his indorsement than the credit thus given by the plaintiff to Brooke upon the faith of the note; and that such indorsement authorized Brooke to fill up, and make the note in the form in which it appears to have been made; and that the circumstance, that the body of the note was in the plaintiff’s handwriting, was wholly immaterial to this issue.
And the Coukt refused to instruct the jury, as prayed by the defendant, that if they should be satisfied by the evidence, that Brooke had property enough to pay this"debt at any time after the note became payable, and that the plaintiff had remained in the same county with him, and had not brought suit against him, he could not recover in this action.
The Court also said that the insolvency, to excuse the not bringing a suit, must be such as would, in the opinion of the jury, have rendered a suit fruitless.
The Court also, at the suggestion of the defendant’s counsel, expressed an opinion, that under the equity of the Virginia statute of 23d December, 1794, “ concerning debtors and their securities,” the defendant is discharged from his liability upon the note, .if, after the note became payable, Und while the maker was solvent, the defendant requested the plaintiff to sue the maker, and he did not; although such request was not in writing, as required by the letter of the statute.
See Vowell v. Lyles, at July term, 1807, [ante, 428.]